**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **INTEGR8 FUELS INC.,**<br>          **Plaintiff,**<br><br>vs<br><br>**M/V PORT UNION, her engines,<br>tackle, apparel, etc.,** *in rem*,<br>**NOVELLAS MT "ST GEORG"<br>GMBH & CO.,** *in personam*,<br><br><br>          **Defendants,** | C.A. No. _____<br>          Admiralty 9(h) |

**PLAINTIFF'S VERIFIED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW plaintiff, Integr8 Fuels Inc. ("Integr8 Fuels"), and files its Verified Complaint against the M/V Port Union, her engines, tackle, apparel, etc. (the "Vessel"), *in rem*; and Novellas MT "St Georg" GmbH & Co. ("Novellas"), *in personam*, and would respectfully show as follows:

**JURISDICTION**

1.  This Court has admiralty jurisdiction under 28 U.S.C. § 1333, the Commercial Instruments and Maritime Lien Act ("CIMLA"), 46 U.S.C. §§ 31301-31343, Rules C and B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (the "Supplemental Rules"). This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

#61338087_v2

## PARTIES AND SERVICE OF SUMMONS

2. Plaintiff Integr8 Fuels is an entity organized under the laws of a foreign state with a principal place of business located at 3 Temasek Avenue, #25-01 Centennial Tower, Singapore 039190, engaged in the business of providing marine fuels to commercial vessels globally.

3. Defendant M/V Port Union (IMO No. 924651), *in rem*, is a Marshall Islands flagged oil/chemical tanker. The Court has jurisdiction over the vessel *in rem* as the vessel is or will be in the jurisdiction of the District during the pendency of this action.

4. Defendant Novellas is the registered owner/demise owner of the M/V Port Union and a foreign business entity organized under the laws of a foreign state. Upon information and belief, Novellas may be served with process pursuant to the Hague Convention on Service of Process at Domstrasse 17 20095, Hamburg Germany.

## FACTS

5. On or about April 24, 2018, Novellas ordered from Integr8 Fuels 410 metric tons of HSFO 380 CST – RMG, marine fuel bunkers, for the Vessel to be delivered to the Vessel while at anchorage in Algoa Bay, South Africa. The order was confirmed by Integr8 Fuels on or about April 24, 2018, subject to Integr8 Fuel's general terms and conditions. A copy of the sales confirmation is attached hereto as **Exhibit 1**.

6. On or about May 10, 2018, pursuant to the parties' agreement, Integr8 Fuels delivered to the Vessel approximately 378 metric tons of marine grade fuel in Port Elizabeth, South Africa.

7. At the time of delivery, on or about May 10, 2018, the Vessel and its officers were presented with a bunker delivery note ("BDN") issued by Aegean Bunkering Marine Services ("Aegean"). Aegean was the physical supplier of the marine fuel bunkers hired by Integr8 Fuels to deliver the fuel to the Vessel. The BDN was duly signed and stamped by the Vessel's captain and or chief engineer. A copy of the sales BDN is attached hereto as **Exhibit 2**.

8. On or about May 14, 2018, Integr8 Fuels issued to Novellas an invoice for the delivered fuel in the amount of $185,239.60, which invoice was due in full on July 8, 2018 pursuant to Integr8 Fuels general terms and conditions. A copy of the invoice is attached hereto as **Exhibit 3**.

9. Novellas failed to pay the invoice by the due date, July 8, 2018.

10. As of September 19, 2018, Novellas and a number of its vessel owning sister companies owed Integr8 Fuels a collective amount in excess of 1 million USD (including interest) for marine grade fuel delivered to a number of different Novellas vessels, including the Vessel.

11. Integr8 Fuels put Union Commercial Services, the commercial ship operating company that manages vessels in the Novella fleet ("Union"), on notice of the outstanding balance in September 2018. On or about September 21, 2018, Union assured Integr8 Fuels that it would arrange weekly payments in the amount of approximately $300,000 USD to be applied to the outstanding balances owned by the various Novella ship owning entities, including Novella. Neither Union nor Novella disputed the amount or accuracy of Integr8 Fuels' invoices, including Integr8 Fuels' invoice for the marine fuel provided to the Vessel.

12. By on or about September 27, 2018, Union had made two payments to Integr8 Fuels in the amounts of $42,500 USD and $337,000 USD respectively, to be applied to the outstanding balance. The payment of $42,500 USD was applied to the principle amount due for fuel delivered to the M/V Port Said on May 2, 2018, as that payment was in the exact amount of the principle due, although the payment was not designated for any particular invoice. Pursuant to Integr8 Fuels' general terms and conditions, the payment of $337,000 was applied to the balance by applying the payment first to interest that had accrued on the outstanding balance of the various invoices, and then to the principal amounts due under the invoices by oldest invoices first. After applying these payments and calculating the interest that has accrued since Union's last payment, the outstanding balance for the fuel provided to the Vessel, including principal and interest, is $188,239.29.

13. In spite of Union's and Novellas' assurances and promises to pay, no further payments have been made as of the date of this filing. There remains and outstanding balance owed for the marine fuel bunkers delivered to the Vessel in the amount of $188,020.57.

## Maritime Lien

14. By ordering bunkers from Integr8 Fuels, Novellas acted on behalf of the Vessel and thereby procured bunkers on behalf of the Vessel in accordance with CIMLA (46 U.S.C. §§ 31301-31343). Furthermore, by signing and stamping the Bunker Delivery Note, the captain and/or chief engineer of the Vessel acted on behalf of the Vessel and its owner, Novellas, to procure bunkers, and thereby accepted the bunkers on behalf of Vessel in accordance with the CIMLA (46 U.S.C. §§ 31301-31343).

15. The said bunkers delivered to the Vessel were necessary to the accomplishment of her mission, to wit: commercial trade as a merchant ship.

16. The Vessel received the benefit of the aforementioned bunker deliveries and are indebted to Plaintiff and obligated to pay for the aforementioned bunkers.

17. Plaintiff performed all conditions precedent to warrant full and complete payment for the aforementioned bunkers under the terms of the bunker sales agreement.

18. As a result of the foregoing, Plaintiff possesses a maritime lien on the Vessel for the provision of necessaries, i.e. bunker fuel, enforceable in admiralty in accordance with the provisions of Rule C of the Supplemental Rules.

## **Breach of Contract**

19. Alternatively, if it is determined that Plaintiff is not entitled to a maritime lien on the Vessel, Plaintiff asserts against Novellas a claim for breach of contract, and seek maritime attachment of the Vessel pursuant to Rule B of the Supplemental Rules.

20. Plaintiff brings this action to recover amounts indisputably due and owing to it under a maritime contract for the supply of marine fuel bunkers to the Vessel. By ordering fuel for the Vessel, and agreeing to the terms of Integr8 Fuels' sales confirmation, Novellas entered into a contract with Integr8 Fuels for the sale of maritime fuel.

21. Integre8 Fuels delivered the subject marine fuel bunkers to Vessel as agreed. Novellas, however, has breached the said contract by failing to pay Integr8 Fuels for the fuel delivered. The amount due and owing under the contract, inclusive of interest, is $188,239.29

22. Novellas is not found within the Eastern District of Texas but does have property which belongs to it in the district. It is believed that, as of the time of this filing, the Vessel, owned by Novellas, is located within the district.

### Prayer for Relief

Wherefore, premises Considered, Plaintiff pray that this honorable Court enter judgment against Defendants for the amount of Plaintiff's claim including prejudgment interest, post-judgment interest, court costs, and all other relief as justice and equity allow.

Date: October 21st, 2018

Respectfully submitted,

*/s/ Julia M. Haines*

Julia M. Haines
State Bar No. 08710800
Fed ID No. 00765
Holland & Knight LLP
1100 Louisiana Street Suite 4300
Houston, Tx 77002
Julia.Haines@hklaw.com

*Attorneys for Plaintiff Integr8 Fuels Inc.*

STATE OF TEXAS §
§
COUNT OF HARRIS §

## VERIFICATION

1.  I am a member of the law firm Holland & Knight LLP, counsel for the Plaintiff.

2.  The facts alleged in the foregoing Complaint are true and correct based upon my information and belief. The basis of my information and belief is the information from Plaintiff, Integr8 Fuels Inc., and from reviewing various documents and materials provided by Plaintiff.

3.  The authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this Verification on Plaintiffs' behalf.

4.  Pursuant to Rule C of the Supplemental Rules, I verify that the facts alleged in the foregoing Verified Complaint are true and correct.

_____
Julia M. Haines

SWORN TO AND SUBSCRIBED TO BEFORE ME under my hand and official seal of office this 21st day of October, 2018.


LATONYA MCPHERSON
My Notary ID # 129374087
Expires April 3, 2021

_____
Notary Public
for the State of Texas

7

#61338087_v2